**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WILLIE BILLUE,

    Plaintiff,

-vs-                                                Case No. 8:13-cv-546-T-30TGW

BOB GUALTIERI, et al.,

    Defendants.

_____/

**ORDER**

Before the Court are the *pro se* prisoner Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 and against Defendants Bob Gualtieri, Sheriff of Pinellas County, Florida, Nurse Rick Brenner, and Nurse f/n/u Nelmida, motion to proceed in this action *in forma pauperis* (Dkt. 2), and supplemental exhibits to the complaint (Dkt. 3). The complaint alleges that Plaintiff is incarcerated at Pinellas County Jail ("PCJ"), and that Defendants have failed to provide Plaintiff with adequate medical care because he is African-American and a male.

**STANDARD OF REVIEW**

The Court has examined his complaint in accord with 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

    (a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*. *See id.* The Court finds, for reasons set forth *infra*, that the complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted against Defendants. *See also* 28 U.S.C. § 1915(e) (pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims "if the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune form such relief.").

A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless ." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we

will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).")." That is, although the complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## DISCUSSION

The complaint alleges that as Sheriff of Pinellas County, Defendant Gualtieri knew or should have known that Defendants Brenner and Nelmida were depriving Plaintiff medical care on account of his race and gender. With regard to Defendant Brenner, the complaint alleges that he changed Plaintiff's medical records, took unspecified medications away from Plaintiff, and "minimized" the seriousness of Plaintiff's injuries to his collar bone, neck, low back, and ribs. Finally, with respect to Defendant Nelmida, the complaint alleges that she "created a hostile environment when Plaintiff refuse[d] medication he did not need," had a deputy force Plaintiff to sign a "refusal," and threatened to write a letter that would end Plaintiff's medical treatment.

As relief, Plaintiff requests punitive damages against Defendants, and an order directing the Sheriff's Department to "transport him to an outside medical care provider."

**I.   Sheriff Gualtieri**

"For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents," *see Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989), here the Hillsborough County Sheriff's Office. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Jones v. Cannon*, 174 F.3d

3

1271, 1293 n. 15 (11th Cir. 1999). "A governmental entity is not liable under [§] 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees." *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). A local government is, however, liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (holding that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom).

To attribute liability to Defendant Gualtieri in his official capacity under § 1983, Plaintiff must demonstrate that Defendant Gualtieri had an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here, the complaint fails to identify any policies, customs, or procedures instituted by Defendant Gualtieri that led to his injuries. The allegations in the complaint do not assert more than Brenner and Nelmida's isolated wrongdoings, and fail to establish Defendant Gualtieri's inadequate policy, custom, or supervision of Brenner and Nelmida. Therefore, the complaint fails to state a claim against Defendant Gualtieri in his official capacity.

To the extent that the allegations of the complaint may be read as an attempt to assert a claim against Defendant Gualtieri in his individual capacity predicated upon his supervisory position as the Sheriff of Hillsborough County, "[i]t is [] well established in this [c]ircuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Miller v. King*,

384 F.3d 1248, 1261 (11th Cir. 2004) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)), *vacated on other grounds*, 449 F.3d 1149 (11th Cir. 2006). Under § 1983, supervisory liability occurs only when the supervisor personally participates in the alleged misconduct or when there is a causal connection between the supervising official's actions and the alleged constitutional deprivation. *Cottone*, supra at 1360. The complaint is void of any facts that might be read to support an inference that a causal connection exists between Defendant Gualtieri's conduct and Plaintiff's alleged injuries. Therefore, the claims against Defendant Gualtieri in his individual capacity are subject to dismissal.

**II.    Defendant Brenner and Nelmida**

   **A.    Equal Protection**

Plaintiff appears to assert that Defendants Brenner and Nelmida are discriminating against him because of his race and gender. Plaintiff, however, fails to state an equal protection violation claim because he fails to allege facts showing that Brenner and Nelmida discriminated against him on the basis of his race or gender, and that any similarly situated person of another racial group or gender was treated differently. *See Harrell v. Fla. Parole Comm'n*, 479 Fed. Appx. 234, 2012 U.S. App. LEXIS 12675, at *5 (11th Cir. June 21, 2012) (unpublished) ("A prisoner asserting an equal protection claim must demonstrate that '(1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race.'") (quoting *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001)).

Plaintiff's allegations fail to assert a constitutional violation. To prevail on a claim under § 1983, Plaintiff must demonstrate (1) that Brenner and Nelmida deprived him of a

5

right secured by the Constitution or federal law and (2) that such deprivation occurred under color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998).

Plaintiff's allegations of race and gender discrimination are conclusory, unsupported, and simply do not rise to the level of a constitutional violation. *See, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983); *Gordon v. Benson*, 2012 U.S. Dist. LEXIS 89247, at *22 (W.D. Mich. June 28, 2012) ("The fact that Defendants treated Plaintiff poorly or unfairly is not, in itself, an equal-protection violation."). Therefore, Plaintiff has failed to state a valid equal protection violation claim.

    **B.**    **Denial of Medical Care**

The complaint alleges, in conclusory fashion, that Brenner and Nelmida have subjected him to cruel and unusual punishment in violation of the Eighth Amendment by denying him adequate medical care. The denial of medical care may be cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97 (1976). To show an Eighth Amendment violation in this context, Plaintiff must show that Brenner and Nelmida were deliberately indifferent to his serious medical needs. *Estelle*, 429 U.S. at 104 ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."). In *Milton v. Turner*, 445 Fed. Appx. 159 (11th Cir. 2011) (unpublished), the Eleventh Circuit stated:

> To state a claim of deliberate indifference [to a prisoner's serious medical need], a plaintiff must allege: (1) a serious medical need; (2) deliberate indifference to that need by the defendants; and (3) causation between the

6

defendants indifference and the plaintiff's injury." *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010) (per curiam).

The seriousness of a medical need is an objective inquiry. *Kelley v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005) (per curiam).

> A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. In the alternative, a serious medical need is determined by whether a delay in treating the need worsens the condition. In either case, the medical need must be one that, if left unattended, poses a substantial risk of serious harm.

*Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009) (citations omitted) (internal quotation marks omitted).

Whether the defendants acted with deliberate indifference is a subjective inquiry. *Kelley*, 400 F.3d at 1284. Each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). To establish deliberate indifference, a plaintiff must allege: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Youmans*, 626 F.3d at 564 (alteration in original) (internal quotation marks omitted). In determining whether an individual exercised gross negligence, we have considered: (1) indifference by prison doctors in their response to the prisoner's needs; (2) prison guards intentionally denying or delaying access to medical care; and (3) interference with treatment once proscribed. *See Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). Relevant factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007).

*Milton*, 445 Fed. Appx. at 161-62.

Initially, the complaint arguably alleges an objectively serious medical need. The complaint alleges that Plaintiff has injuries to his collar bone, neck, low back and ribs that cause him great bodily pain (Dkt. 1 at p. 9). Moreover, the February 2, 2013 letter from Dr. Bernard Yukna, the medical director at the PCJ, indicates in pertinent part that he authorized

7

a walker for Plaintiff due to arthritis in his hips, and that Plaintiff experiences discomfort from a dislocation/fracture of his collarbone in April 2012, which requires pain medication.[1]

The complaint, however, does not allege sufficient facts to show that the level of care exercised by Brenner and Nelmida amounted to more than negligence. Although the complaint indicates that Brenner and Nelmida "minimized" Plaintiff's injuries, and took "away certain medications" (Id.), the complaint does not allege what medications were taken away, or how Plaintiff's injuries were "minimized" by Defendants. More importantly, Dr. Yukna's letter, and the responses to Plaintiff's grievances, indicate that Dr. Yukna, not Brenner and Nelmida, adjusted Plaintiff's treatment plan and pain medications, and denied Plaintiff's request for a supplemental diet[2] (Dkt. 1-1 at pp. 1-37). A nurse is not deliberately indifferent when he/she reasonably follows a doctor's orders. *Bauer v. Kramer*, 424 Fed. Appx. 917, 919 (11th Cir. 2011) ("A nurse is not deliberately indifferent when she reasonably follows a doctor's orders by administering prescribed medication to an inmate."). The complaint alleges no facts indicating that Brenner and Nelmida failed to follow Dr. Yukna's orders, or that it was unreasonable for them to follow Dr. Yukna's orders. Therefore, the complaint fails to alleges facts showing that Brenner and Nelmida were deliberately indifferent to Plaintiff's serious medical needs.

---

[1] Exhibits attached to the complaint are treated as part of the complaint for Rule 12(b)(6) purposes. *Page v. Postmaster Gen. & Chief Exec. Officer of the United States Postal Serv.*, 493 Fed. Appx. 994, 995 (11th Cir. 2012) (unpublished) (citations omitted).

[2] For example, Petitioner alleged that Nelmida threatened to "stop diabetic snack and glucerna" (Dkt. 1-1 at p. 7). Dr. Yukna, however, "found no clinical indication for a [dietary] supplement[.]" (Id. at p. 1).

Finally, to the extent the complaint alleges that Brenner and Nelmida created a "hostile environment" and intimidated and threatened Plaintiff, verbal harassment, words, and threats are not actionable as constitutional violations. *Unuvar v. City of Key West*, 394 Fed. Appx. 628, 630 (11th Cir. 2010) (unpublished) (citations omitted); *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987).

ACCORDINGLY, the Court **ORDERS** that Plaintiff's complaint (Dkt. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to Plaintiff filing a new complaint with a new case number. The **Clerk** is directed to terminate all pending motions and to close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 8, 2013.

SA:sfc
Copy furnished to:
*Pro se* Plaintiff

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE